Filed 10/1/20  P. v. Sendejas CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE, | B296322 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA420834) |
| v. | |
| ARTHUR SENDEJAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edmund Willcox Clarke, Jr., Judge. Affirmed and remanded with directions.

Juliana Drous, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Arthur Sendejas was convicted of attempted murder, firearm possession by a felon, attempted dissuasion of a witness, and conspiracy to dissuade a witness.  The trial court imposed an aggregate prison term of 55 years to life, which included a 20-year firearm enhancement imposed pursuant to Penal Code[1] section 12022.53, subdivision (c) and a 5-year prior serious felony enhancement provided under section 667, subdivision (a).  On appeal of the trial court's initial judgment in this case, we reversed Sendejas's conspiracy conviction for insufficient evidence, remanded to the trial court to determine whether to exercise its discretion to strike the firearm enhancement under a statutory amendment that took effect after Sendejas was sentenced, and otherwise affirmed his convictions and sentencing enhancements.

On remand, Sendejas asked the trial court, in the interest of justice, to strike the 5-year prior serious felony enhancement imposed under section 667, subdivision (a) and the 20-year firearm enhancement provided under section 12022.53, subdivision (c).  The trial court struck the prior serious felony enhancement, but not the firearm enhancement, and imposed an aggregate prison term of 50 years to life.

In the instant appeal from his new sentence, Sendejas claims that the trial court committed two errors at his sentencing hearing:  (1) the trial court should not have considered the potential impact of the Elderly Parole Program on Sendejas's release date in determining whether to strike the firearm enhancement imposed by section 12022.53, subdivision (c); and (2) the court was unaware it had the discretion to substitute the

---

[1]  Undesignated statutory citations are to the Penal Code.

10-year firearm enhancement provided in section 12022.53, subdivision (b) for the 20-year enhancement provided in section 12022.53, subdivision (c).

The first contention fails because the trial court discussed the Elderly Parole Program to rebut defense counsel's assertion that denying the motion to strike would bar his client from being eligible for parole until he was 85 years old, and Sendejas otherwise fails to show the lower court erred in discussing the program's effect on his parole eligibility.

In contrast, we agree with Sendejas that the court was unaware of its discretion to impose the lesser-included firearm enhancement in lieu of the greater enhancement. Further, we reject the Attorney General's assertion that there is no possibility that the court would have imposed the lesser enhancement had it been aware it had the discretion to do so. Accordingly, we remand to the trial court and instruct it to conduct a new resentencing hearing so that it may exercise that discretion.

## FACTUAL AND PROCEDURAL BACKGROUND

We summarize only those facts that are relevant to this appeal.

The People charged Sendejas in the operative fourth amended information with four felony counts: attempted willful, deliberate, and premeditated murder, in violation of section 664, subdivision (a), and section 187, subdivision (a); firearm possession by a felon, in violation of section 29800, subdivision (a)(1); attempted dissuasion of a witness, in violation of section 136.1, subdivision (c)(2); and conspiracy to dissuade a witness, in violation of section 182, subdivision (a)(1). (See

3

*People v. Sendejas* (July 26, 2018, B263449) [nonpub. opn.] (*Sendejas I*).)[2]

As to the attempted murder count, the fourth amended information specially alleged that Sendejas had personally and intentionally discharged a firearm as set forth in section 12022.53, subdivision (c), and that the offense was gang-related and punishable by a life term pursuant to section 186.22, subdivision (b)(5). (*Sendejas I*, *supra*, B263449.) As to the attempted witness dissuasion and conspiracy counts, it was specially alleged that Sendejas had committed the offenses for the benefit of, at the direction of, or in association with a criminal street gang, and with the specific intent to promote, further, or assist in criminal conduct by gang members for the purposes of section 186.22, subdivisions (b)(1)(A) and (b)(4). (*Sendejas I*, *supra*, B263449.) As to all counts, the People alleged Sendejas had suffered one prior strike conviction for the purposes of the "Three Strikes" law; he suffered one prior serious felony conviction for the purposes of the enhancement in section 667, subdivision (a)(1); and served one prior prison term for a felony for the purposes of the enhancement in section 667.5, subdivision (b). (*Sendejas I*, *supra*, B263449.)

At trial, the People offered evidence that Sendejas fired multiple shots at the victim, Robert R.; Robert R. was not injured by the shooting. (See *Sendejas I*, *supra*, B263449.)

The jury convicted Sendejas as charged and found true the gang and firearm enhancements. (*Sendejas I*, *supra*, B263449.) In particular, the verdict for the attempted murder count

---

[2] We previously took judicial notice of our opinion from Sendejas's prior appeal in *Sendejas I*, along with the record from that appeal.

4

indicates the jury found the following allegations to be true: "[Sendejas] personally used a firearm, a handgun, in the commission of the above offense within the meaning of Penal Code section 12022.53(b)" and "[Sendejas] personally and intentionally discharged a firearm in the commission of the above offense within the meaning of Penal Code section 12022.53(c)."[3] Additionally, Sendejas subsequently admitted he had a prior strike within the meaning of the Three Strikes law and section 667, subdivision (a)(1).  (*Sendejas I*, *supra*, B263449.)

The trial court sentenced Sendejas to an aggregate state prison term of 55 years to life, which was comprised of an indeterminate life term for attempted, willful, deliberate, and premeditated murder, with a minimum parole eligibility date of 15 years under section 186.22, subdivision (b)(5), doubled to 30 years under the Three Strikes law, plus 20 years for the firearm enhancement under section 12022.53, subdivision (c), plus 5 years for the prior serious felony enhancement under section 667, subdivision (a)(1); along with a concurrent indeterminate life term for attempted dissuasion of a witness, with a minimum parole eligibility date of 14 years.  (See *Sendejas I*, *supra*, B263449.)  The trial court also imposed, but stayed pursuant to section 654, prison terms for the firearm possession and conspiracy convictions, respectively.  (See *Sendejas I*, *supra*, B263449.)

---

[3] As we noted earlier, the operative fourth amended information did not charge Sendejas with a 10-year enhancement under section 12022.53, subdivision (b).  Neither party explains why the verdict form nevertheless requested a finding under that provision.

5

Sendejas appealed his initial judgment of conviction. (*Sendejas I*, *supra*, B263449.)  We reversed Sendejas's conviction for conspiracy for insufficient evidence; remanded the matter to the trial court to allow it to decide whether to exercise its discretion under an amendment to section 12022.53 to strike the firearm enhancement; and otherwise affirmed his convictions and enhancements.  (See *Sendejas I*, *supra*, B263449.)

Upon remand, Sendejas filed a motion asking the court to exercise its discretion under section 1385 to strike the 5-year prior serious felony enhancement imposed under section 667, subdivision (a) and the 20-year firearm enhancement imposed under section 12022.53, subdivision (c).

At the sentencing hearing held on February 14, 2019, the court struck the 5-year prior serious felony enhancement but declined to strike the 20-year firearm enhancement.  The court next imposed an aggregate prison sentence of 50 years to life, which was comprised of a prison term of 30 years to life on the attempted murder count plus 20 years for the firearm enhancement.  The trial court also imposed the following:  (1) a 19-years-to-life prison term for the conviction for attempted dissuasion of a witness, which was to be served concurrently with the sentence imposed for attempted murder; and (2) a 6-year prison term for the firearm possession conviction, which term was stayed pursuant to section 654.

Sendejas timely appealed his new sentence.

## DISCUSSION

### A. Sendejas Does Not Show the Trial Court Erred in Discussing the Elderly Parole Program at the Sentencing Hearing

Sendejas argues that in ruling on his motion to strike the section 12022.53, subdivision (c) firearm enhancement, the trial court improperly considered whether he may benefit from the Elderly Parole Program. We disagree.

In Sendejas's motion to strike, he argued that "the original sentence imposed of 55 years to life is an extremely long sentence." He asserted that "[i]mposing such a sentence on a 30 year old man means that he cannot apply for parole until he is 85 years old." He claimed that striking the 20-year firearm enhancement "would . . . allow [Sendejas] to have a chance at being paroled in his mid-60's, which is not an unreasonable request." Sendejas also noted that if the court granted his motion and struck both of his enhancements, he would "still receive a lengthy sentence of 30 years to life for his conviction of the crime of attempted murder."

At the sentencing hearing, the trial court stated its belief that a ruling on Sendejas's motion would not negatively impact when he would be considered for parole. Under the Elderly Parole Program, "prisoners age 60 or older who have served at least 25 years in prison are entitled to a parole hearing." (See *People v. Contreras* (2018) 4 Cal.5th 349, 374.) The trial court observed that even if it struck Sendejas's enhancements, the indeterminate sentence would still remain, and the Elderly Parole Program would entitle him to a parole hearing before

7

Sendejas would have served 30 years in state prison.[4]  Thus, the record reveals the trial court mentioned the Elderly Parole Program only to rebut defense counsel's argument regarding parole eligibility.

Sendejas does not dispute this characterization of the record.  Nor does he contend that the trial court's analysis on this point was incorrect, or contest the Attorney General's claim the trial court otherwise "based its decision [not to strike the firearm enhancement] on proper sentencing factors" relating to the fact that Sendejas fired multiple shots at Robert R.

Rather, Sendejas argues that the trial court's discussion of the Elderly Parole Program "impinged on the doctrine of separation of powers" and contravened the program's legislative purpose of "curb[ing] rising medical costs of the geriatric inmate population and . . . provid[ing] a 'compassionate' release for those elderly individuals."  He fails to articulate any logical connection between the trial court's statements regarding the Elderly Parole Program on the one hand, and his separation of powers and legislative purpose concerns on the other.[5]  (See *People v.*

---

[4] Defense counsel conceded at the sentencing hearing that Sendejas was actually 42 years old.  The trial court later stated it was "fairly confident that when the minimum term under [the Elderly Parole Program] has been served, . . . Sendejas will be passed 60 and, therefore, considered for parole."

[5] In fact, the trial court took great pains to avoiding impinging on the Board of Parole Hearings' authority.  The court stated:  "If the Board of Parole Hearings reads this transcript, I don't mean to signal anything to them by the numbers that I choose. [¶] So had I left it at 55 [years to life], I would not mean to be telling them please don't give this man parole.  Had I dropped it to 30 [years to life], I would not mean to be telling

*Gallardo* (2017) 18 Cal.App.5th 51, 69, fn. 11 [" '[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt[.]' "]; *People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573 ["Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error."].)

B.    **The Trial Court Was Unaware of Its Discretion to Substitute the Lesser-Included Firearm Enhancement for the Greater Enhancement**

Under section 12022.53, subdivision (c), "any person who, in the commission of [an attempted murder], personally and intentionally discharges a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 20 years." (See § 12022.53, subd. (c); see also *id.*, subd. (a)(1) & (a)(18) [providing that this section applies to attempted murders].) Conversely, section 12022.53, subdivision (b) imposes "an additional and consecutive term of imprisonment in the state prison for 10 years" upon "any person who, in the commission of [an attempted murder], personally uses a firearm." (See § 12022.53, subd. (b).)

Section 12022.53, subdivision (h) confers upon trial courts the discretion to spare certain criminal defendants from sentencing enhancements provided in that section. That subdivision provides in pertinent part: "The court may, in the

_____

them please give this man parole. [¶] All I would say to them is do the right thing and follow the right standards in determining whether he deserved parole or not when that date arrives."

9

interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.53, subd. (h).) In turn, section 1385 provides that a trial court "may, . . . in furtherance of justice, order an action to be dismissed." (See § 1385, subd. (a).) The Legislature has recognized that in certain cases, this provision authorizes the trial court to "strike or dismiss an enhancement." (See § 1385, subd. (b)(1).)

After briefing closed on this appeal, we requested supplemental briefing on the following question: "What impact, if any, does the jury's verdict have on whether the trial court had the discretion to substitute the firearm enhancement provided in Penal Code section 12022.53, subdivision (b) for the enhancement imposed under Penal Code section 12022.53, subdivision (c)?"

In their supplemental briefs, both parties agreed that because the jury found that Sendejas had "personally used a firearm, a handgun, in the commission of [attempted murder] within the meaning of Penal Code section 12022.53(b)" and "personally and intentionally discharged a firearm in the commission of [this] offense within the meaning of Penal Code section 12022.53(c)," the trial court had the discretion to substitute the lesser sentencing enhancement for the greater one.

We agree that the trial court had this discretion. (Cf. *People v. Morrison* (2019) 34 Cal.App.5th 217, 222 ["In a case where the jury had . . . returned true findings of the lesser enhancements under section 12022.53, subdivisions (b) and (c), the striking of an enhancement under section 12022.53, subdivision (d) would leave intact the remaining findings, and an enhancement under the greatest of those provisions would be mandatory unless those findings were also stricken in the

10

interests of justice."]; *People v. Tirado* (2019) 38 Cal.App.5th 637, 644 (*Tirado*), review granted Nov. 13, 2019, S257658 ["[If the jury found all three section 12022.53 enhancements to be true,] the court would have had the discretion to strike the section 12022.53, subdivision (d) enhancement and then either impose one of the other two enhancements or strike them as well."]; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 423–425, 427–428, & fn. 2 (*McDaniels*) [noting that under section 12022.53, subdivision (h) and section 1385, the trial court had the "discretion to strike [a] firearm enhancement under section 12022.53, subdivision (d), . . . and then either impose time for one of the stayed lesser firearm enhancements [under subdivisions (b) and (c)] or strike them as well"].)

We next assess whether the court abused this discretion in sentencing Sendejas. "The denial of a motion to dismiss pursuant to section 1385 is reviewed for abuse of discretion, and 'an abuse of discretion occurs where the trial court was not "aware of its discretion" to dismiss.' [Citation.]" (*Tirado, supra,* 38 Cal.App.5th at p. 642, review granted; see also *McDaniels, supra,* 22 Cal.App.5th at p. 425 [" 'Defendants are entitled to "sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court," and a court that is unaware of its discretionary authority cannot exercise its informed discretion.' "].) For the reasons discussed below, we conclude that the trial court abused its discretion because it was unaware that it could substitute the 10-year enhancement provided under section 12022.53, subdivision (b) for the 20-year sentencing enhancement created by subdivision (c).

At Sendejas's resentencing hearing, there was no discussion of the court's discretion to substitute the lesser

11

enhancement for the greater one, nor did anyone discuss the fact that the jury had found true the enhancements provided under section 12022.53, subdivisions (b) and (c).  Instead, the trial court and the parties addressed whether the 20-year firearm enhancement and the 5-year prior serious felony enhancement imposed under section 667, subdivision (a) should be stricken, which would have reduced Sendejas's aggregate prison sentence from 55 years to life to 30 years to life.  This is unsurprising, given that Sendejas's motion to strike did not ask the trial court to substitute the 10-year firearm enhancement for the 20-year one or remind the court of the jury's finding under section 12022.53, subdivision (b).[6]

As we noted above, the Attorney General concedes that the trial court had discretion to impose the lesser enhancement.  Yet, the Attorney General argues that "a remand for resentencing is unwarranted in this case because remand would be futile." Specifically, the Attorney General argues "there is no possibility the court would have decided to impose the lesser firearm enhancement if it was aware that it had the discretion to do so" because it "emphasized that . . . [Sendejas] had fired multiple gunshots at the victim."

The trial court did remark at the sentencing hearing that it was "not comfortable [with] striking the weapons enhancement" because Sendejas fired "many shots in the direction of a human being . . . ."  The court, however, did not suggest it believed a 10-year enhancement would not have been an adequate punishment for Sendejas's multiple shots at the victim.  Rather, the court's

_____

[6] The Attorney General does not argue that Sendejas forfeited this claim of error by failing to raise it below.

statements merely demonstrate that Sendejas's use of a firearm warranted the imposition of at least some additional prison time. Under these circumstances, it is appropriate to remand this matter to the trial court to consider whether to substitute section 12022.53, subdivision (b)'s firearm enhancement for the enhancement provided under subdivision (c) of that statute. (See *McDaniels*, *supra*, 22 Cal.App.5th at p. 423 ["[A] remand is necessary because the record contains no clear indication that the trial court will not exercise its discretion to reduce [the defendant's] sentence."].)

## DISPOSITION

Upon remand, the trial court shall determine whether to strike the firearm enhancement under section 12022.53, subdivision (c) and impose the enhancement provided under section 12022.53, subdivision (b). If the court strikes the section 12022.53, subdivision (c) enhancement, the court shall reduce the sentence accordingly, amend the abstract of judgment, and forward the amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment in all other respects is affirmed.

NOT TO BE PUBLISHED.

BENDIX, Acting P. J.

We concur:


CHANEY, J.                    SINANIAN, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13